UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA L. LINVILLE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JO ANNE B. BARNHART, Commissioner<br>of Social Security Administration,<br><br>　　　　Defendant. | CASE NO. ED CV 04-01362 RZ<br><br>MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff's first of two arguments challenging the denial of disability benefits is that the Administrative Law Judge did not sufficiently justify rejecting Plaintiff's allegations of pain. The Court disagrees. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects. 20 C.F.R. § 404.1529(c)(2)." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Other relevant factors include a claimant's regular activities, medications, history of treatment sought and obtained, and "ordinary techniques of credibility analysis." *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (*en banc*) (ordinary techniques); 20 C.F.R. § 416.929(c)(3). Here Administrative Law Judge explained that he found Plaintiff "only a partially credible witness" based on the following:

1    •    Her regular activities were consistent with the narrow range, light-work Residual Function Capacity assessed by the judge, including "a variety of daily chores," shopping and errands, driving, cooking and taking care of her basic hygiene needs. [AR 257]

•    Her medical conditions largely are controlled with conservative treatments, including only "mild pharmacology of Vioxx, Tylenol and Motrin." Plaintiff also asserts asthma, but her "[r]espiratory examinations have been within normal limits" despite her failure to quit smoking, "not a particularly salubrious choice of activity given her asserted complaints . . . ." [AR 11, 254-57]

These assertions enjoy substantial evidentiary support. The Administrative Law Judge acted within his authority in choosing to disbelieve, in part, Plaintiff's pain testimony.

        Plaintiff's second and final argument is that the Administrative Law Judge improperly rejected, and failed to address, third-party "daily activities questionnaires" supplied by Plaintiff's spouse. As a preliminary matter, the judge is not required to address every single item in a claimant's record, and a failure to address some items is not tantamount to a failure to consider them or a rejection of them. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Such questionnaires can supply useful information about how a claimant's alleged impairments impact his ability to perform gainful employment, however, *see* 20 C.F.R. § 404.1513(d)(4), and the Administrative Law may reject them only for specific reasons germane to the particular witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Here, the assertions by Plaintiff's spouse are too vague and tepid to require reversal or remand: "She can forget what she went into the store for." [AR 130] But such can happen to the healthiest of persons and certainly does not conflict with the Administrative Law Judge's finding, which limited Plaintiff to simple, repetitive tasks. [AR 11] Similarly vague is Plaintiff's spouse's only other cited assertion, "She spaces from day to day on caring for herself." [AR 127] Even if these statements are credited, the Administrative Law Judge was not required to expressly respond to them; and they would

not alter the Court's view that (1) substantial evidence supports the underlying *non-disability* finding and (2) the ruling was free of legal error.

The decision of the Commissioner is affirmed.

DATED: March 15, 2006

                                              */s/ Ralph Zarefsky*
                                              RALPH ZAREFSKY
                                              UNITED STATES MAGISTRATE JUDGE